THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
AUGUSTO CASADO, Appellant.

First Department, December 10, 1981

**APPEARANCES OF COUNSEL**

*Irma B. Ascher* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Thomas Burrows* of counsel *(Norman Barclay* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

FEIN, J.

■ The sole issue on this appeal is whether the court erroneously denied defendant's motion to suppress physical evidence and statements. In affirming, we do not agree that the suppression Judge properly excluded from consideration testimony given by the arresting officer in response to the Judge's question concerning the officer's observations of the defendant's behavior prior to the arrest. We know of no reason why the court was precluded from such inquiry or from considering the testimony given in response.

The suppression Judge is not merely an observer or referee required to play a passive role. There is plainly no impropriety in a neutral court inquiry where necessary to develop significant facts or to qualify or enlighten an issue. The Judge is entitled to elicit information relevant to the suppression issue to be decided by the court, where counsel has not brought it out. The defense suggestion that such inquiry was "helping to make the People's case" was entirely unwarranted.

Detective Yorio, the lone witness at the suppression hearing, testified that he was on duty in civilian clothes on November 7, 1979 at approximately 4:45 P.M. on East 84th St. between Second and Third Avenues when he observed the defendant over a period of approximately 15 minutes enter four buildings on East 84th St. Defendant, who was carrying a "compacted" black airline flight bag over his shoulder, was observed checking the doorbells in each building. The bag "appeared to be light * * * not to be full". Defendant finally entered 305 East 84th St. and remained there for approximately 10 minutes. When defendant emerged, the officer observed that the airline bag was "much larger than it was before" and "something appeared to be * * * in it". Yorio then identified himself to defendant as a police officer, holding his shield in one hand and placing his other hand on defendant's left arm. Defendant said "Oh, God" and threw the bag into Yorio's chest. Defendant fled and Yorio gave chase which ended when defendant jumped into a garbage dumpster at a construc-

tion site at East 86th St. and First Avenue. Yorio placed defendant under arrest and read the *Miranda* warnings to defendant in the dumpster after handcuffing him. A search of defendant yielded three rings. Yorio testified that defendant said, "I stole them from the apartment on the 4th floor."

Yorio then took defendant back in a police car to 305 East 84th St. to recover the airline bag which a civilian was watching at Yorio's request. Upon examination of the bag, Yorio found 3 screwdrivers, other tools "commonly used in burglaries", a camera and a radio. When Yorio held one of the screwdrivers in his hand, defendant said, "so I pried open the door with the screwdriver." Defendant presented no evidence at the suppression hearing.

The suppression Judge found the officer's testimony to be credible. This court may weigh the evidence that the hearing court chose to ignore and has power to make its own findings of fact (CPL 470.15, subd 1). This evidence consisted of the officer's testimony as to his observation of defendant entering and examining the doorbells of four adjoining buildings.

■ On the basis of all the testimony of the arresting officer, there was sufficient evidence to justify the degree of intrusion at the various stages which led to the seizure here involved. Defendant's conduct was suspicious and entitled the officer to make an inquiry which was "reasonably related in scope to the circumstances which rendered its initiation permissible" (cf. *People v La Pene,* 40 NY2d 210, 222).

Where the officer has "a founded suspicion that criminal activity is afoot", there is a right to stop and temporarily detain and question the individual *(People v La Pene,* 40 NY2d, at p 223). Such an inquiry was proper on the basis of (1) defendant's conduct in entering the vestibules and examining the doorbells in other buildings before entering 305 East 84th St., and (2) the fact that the bag which defendant carried was "much larger" with "something in it" when defendant emerged from that building. There was no frisk or arrest at that point, but merely a stop for the purpose of inquiry. When defendant said, "Oh, God", and

threw the bag at the officer in response to the inquiry and ran off, the dynamics of the street encounter changed. There was now probable cause to believe that a crime had been committed. It was appropriate for the officer to chase and seize the defendant (CPL 140.50, subd 1; cf. *People v La Pene, supra*).

Unlike *People v Howard* (50 NY2d 583), the chase and seizure here were not unwarranted. The totality of the conduct of defendant which culminated in his throwing the bag at the officer and running off was not susceptible of innocent as well as culpable interpretation, unlike that in *Howard* where the defendant was merely carrying a woman's vanity case and looked at the police in a "furtive" manner. Defendant's course of action provided the requisite "objective evidence of criminal activity" *(People v Sobotker,* 43 NY2d 559, 564). The abandonment of the bag under these circumstances, followed by flight, was a significant factor in the assessment of probable cause (see *People v Howard,* 50 NY2d, at p 592). As stated in *Howard* (p 586), a person has a right to run away from a police officer and the officer then "may not pursue, absent probable cause to believe that the individual has committed, is committing, or is about to commit a crime, seize or search the individual or his possessions, even though he ran away." Such probable cause existed here. The conduct of the defendant prior to flight distinguishes this case from *Howard,* where the vanity case was discarded at the end of the flight and thus could provide no basis for the pursuit and arrest.

The level of police intrusion was appropriate to the circumstances which triggered the encounter.

The motion to suppress was properly denied.

The judgment, Supreme Court, New York County (PRE-MINGER, J., at hearing, plea and sentence), rendered June 5, 1980, convicting defendant upon his guilty plea of burglary in the third degree and sentencing him to an indeterminate term of imprisonment not to exceed three years, should be affirmed.

KUPFERMAN, J. P., SANDLER, LUPIANO and BLOOM, JJ., concur.

Judgment, Supreme Court, New York County, rendered on June 5, 1980, unanimously affirmed.