◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN CHESTNUT, KEVIN JACKSON and MICHAEL BROWN, Respondents. — Appeal by the People from an order of the Supreme Court, Queens County (Linakis, J.), dated October 6, 1981, which, after a hearing, granted defendants' motions to suppress physical evidence as to all of them and certain statements made by defendant Jackson. Order reversed, on the law and the facts, motions to suppress denied, and case remitted to the Supreme Court, Queens County, for further proceedings. On December 18, 1980, at approximately 2:45 A.M., Transit Authority Police Officer Ronald Kopp was patrolling the mezzanine level of the Queens Plaza subway station. He noticed two or three people on the stairway landing coming into the station from the street. The people were carrying packages. Kopp approached them, without having his gun drawn.

Before Kopp could say anything or ask them anything, they dropped everything they were carrying and ran up the stairs to the street. Kopp saw that there were three men, and they dropped three or four shopping bags containing approximately 50 pairs of jeans, 20 to 30 blouses, and some sweatshirts, as well as three or four radios. When the men ran upstairs, Kopp began to chase them. When he realized he would be unable to catch them, he radioed for help. A few minutes later, a radio patrol car responded, and Kopp joined the officers. They caught the defendants six or eight blocks away, and arrested them. Kopp found a screwdriver while frisking defendant Jackson. Later, at the precinct, he found sweatshirts while conducting a search of Jackson. The defendants were advised of their rights. After saying they understood those rights, defendant Chestnut declined to answer any questions without an attorney present. Defendant Brown said he didn't know anything. Defendant Jackson said that he was with the other two, and he took the property, though he refused to say from where. On these facts, Criminal Term decided that the arrests were made without probable cause, and therefore all of the physical evidence, and the statements by Jackson, must be suppressed. We disagree. Initially, we note that the property seized at the subway station was abandoned by defendants prior to their arrest. Inasmuch as Officer Kopp was well within his authority to approach the defendants for the purpose of inquiry (*People v Rivera,* 14 NY2d 441; *People v Rosemond,* 26 NY2d 101), their abandoning the property at that time cannot be said to have resulted from defendants' subsequent arrest. Therefore, even had there been no probable cause to arrest, those items should not have been suppressed. Upon seeing defendants flee, leaving voluminous amounts of clothing, Officer Kopp's suspicions were justifiably aroused to the level of probable cause to arrest. While it is true that running alone does not permit an inference of any criminal activity (*People v Howard,* 50 NY2d 583), here defendants deliberately divested themselves of the property in such a way and under such circumstances that the officer had probable cause to believe that the merchandise was stolen. Such activity was not reasonably susceptible of innocent as well as culpable interpretation (*People v Howard, supra; People v Casado,* 83 AD2d 385). Therefore, defendants' arrest was based upon probable cause, and the physical evidence (screwdriver and sweatshirts) and statements resulting from that arrest were improperly suppressed. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.