■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIRVEN LEUNG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered October 25, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

At the suppression hearing, New York City Police Officer Robert Leo testified that on September 30, 1983, at approximately 11:15 A.M., he and two fellow officers were on duty in plain clothes, in an unmarked vehicle, patroling in the vicinity of 102-33 134th Street in Queens County, an area of known narcotics activity. From a distance of about six feet, Officer Leo observed defendant and another man engage in conversation. He then observed defendant hand to the other man a 3- by 5-inch brown envelope which resembled what is known in the drug trade as a "three dollar box". Officer Leo and another officer exited the vehicle and identified themselves as police officers. Defendant immediately fled the scene on foot. Officer Leo pursued defendant. As he ran, defendant discarded a hat and threw a black object toward some bushes. Officer Leo apprehended defendant approximately five houses from where the chase had originated. The black object discarded by

defendant was retrieved from the bushes in front of 102-33 134th Street and was found to be a loaded and operable nine-millimeter pistol.

On this appeal, defendant asserts that his constitutional rights were violated by the police pursuit and, further, that the weapon recovered as a result thereof should have been suppressed.

The police officers were justified in approaching defendant and his companion for the purpose of inquiry based upon such individuals' presence in an area known for narcotics activity and their observations of defendant's transfer of an envelope which resembled a container of narcotics (see, People v De Bour, 40 NY2d 210). The officers approached for the purpose of inquiry and identified themselves as police officers. However, defendant's immediate flight thwarted such inquiry. In view of the indicia of criminal activity and defendant's flight at the first sign of the police, Officer Leo was warranted in his pursuit (see, People v Medina, 107 AD2d 302, 307; People v Chestnut, 91 AD2d 981; cf. People v Howard, 50 NY2d 583, cert denied 449 US 1023). Moreover, defendant's acts of discarding property under the circumstances and the inferences to be derived therefrom gave rise to a reasonable suspicion that criminal activity was afoot, thereby providing the necessary predicate for defendant's apprehension (see, People v Chapman, 103 AD2d 494, 497-499; People v Chestnut, supra). The recovery of a gun from the bushes elevated the officers' suspicions to the level of probable cause to arrest.

Review of the totality of circumstances leads us to conclude that the gun and hat discarded during defendant's flight should not be suppressed. Inasmuch as the police officers were justified in approaching defendant and his companion for the purpose of inquiry, defendant's voluntary disposal of such property in the course of his flight constituted an abandonment which is not within the scope of constitutional protections (People v Medina, supra; People v Chestnut, supra; cf. People v Howard, supra).

We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.