*Huntington Hosp.,* 39 NY2d 339), Stephenson's petition fails to do so. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BARBOUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 10, 1982, convicting him of bribery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's claim, the court properly admitted into evidence the tape-recorded conversation between himself and Police Officer Curie. Police Officer Curie's testimony that the tape recording was a true and accurate record of his conversation with the defendant, and that nothing had been deleted or added to the conversation, provided a sufficient foundation for the admission of the tape into evidence *(see, People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Arena,* 48 NY2d 944; *People v Tayeh,* 96 AD2d 1045). Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL BLANKUMSEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered January 17, 1983, convicting him of two counts of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence as a second felony offender. The appeal brings up for review the denial (Rubin, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, the defendant's guilt was proven beyond a reasonable doubt *(see,* Penal Law § 265.02; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Testimony that the defendant was on probation was met with an immediate instruction that the statement be disregarded, and did not deny the defendant a fair trial *(see, People v Santiago,* 52 NY2d 865, 866). That branch of the defendant's omnibus motion which was to suppress evidence was properly denied, since the gun had been abandoned by him prior to his arrest *(see, People v Chestnut,* 91 AD2d 981, 982).

The court properly denied the adjournment requested by defense counsel at sentencing. The defendant merely averred

that he could not recall being advised of two specific trial rights upon pleading guilty to a prior felony in 1979. In light of *People v Harris* (61 NY2d 9), this assertion was an insufficient basis upon which to order a hearing to determine whether the prior plea was obtained in violation of the defendant's constitutional rights. Thus, the defendant was properly sentenced as a second felony offender. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.