■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TIDWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 13, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The hearing court properly found that the uniformed officers possessed probable cause to arrest the defendant. To establish probable cause in this context, it must be found that the police officers acted reasonably in believing that a crime had been committed by the defendant. In making such a judgment, we must also bear in mind that "[i]n dealing with probable cause * * * we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" *(Brinegar v United States,* 338 US 160, 175; *see, People v Carrasquillo,* 54 NY2d 248, 254; *People v Brnja,* 50 NY2d 366). Here, the police were informed by a named citizen that a crime had just been committed by two men seen on the street. Such information given by citizens is deemed highly reliable and may be acted upon by the police *(People v Selasar,* 91 AD2d 616; *see, e.g., People v Moore,* 32 NY2d 67, *cert denied* 414 US 1011). Armed with the knowledge that a robbery had just been committed by the two men, the police officers were reasonable in their belief that the men may have been armed, and therefore it was proper for them to approach the men with their guns drawn *(see, People v Selasar, supra).* Further, the defendant's flight from the scene upon seeing the officers corroborated the citizen's allegation that a crime had been committed by him *(see, People v King,* 65 NY2d 702; *People v Grego,* 90 AD2d 878; *People v Casado,* 83 AD2d 385). Accordingly, the police possessed probable cause to believe the defendant had committed the crime.

Additionally, we find that the evidence adduced at trial was sufficient to permit a rational trier of fact to find the defendant guilty of the crimes charged *(People v Contes,* 60 NY2d 620). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.