■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Braatz, J.), rendered December 1982, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Martin, J.), after a hearing, of that branch of defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly ordered a mistrial and discharged the jury when it could not reach a verdict in the first trial of the instant charges, and, therefore, reprosecution was barred by the defendant's right against double jeopardy. We reject this claim as without merit and note that it was previously raised and rejected in a CPLR article 78 proceeding in the nature of prohibition by judgment of this court dated December 20, 1984.

We also reject the defendant's claim that his arrest was not based on probable cause and that the seizure of the gun he was carrying was therefore unlawful. His dangerous and erratic driving justified the police action in stopping his car

and asking for his driver's license, registration and insurance card *(see, People v Vidal,* 71 AD2d 962). The defendant voluntarily opened his trunk in the course of searching for his license and exposed to plain view a shoulder holster for a gun. The sight of the holster prompted a reasonable inquiry regarding the whereabouts of a gun which the defendant then revealed by opening his jacket *(see, People v Samuels,* 50 NY2d 1035, *cert denied* 449 US 984; CPL 140.50 [3]). His arrest and the seizure of the gun were therefore proper. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.