■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SABATINI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DiTucci, J.), rendered February 22, 1984, convicting him of robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Agresta, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument on appeal, the record indicates that there was sufficient evidence to sustain the guilty verdict rendered by the jury. The credibility of the complaining witness was an issue primarily for the jury to determine, and we will not substitute our judgment for that of the jurors, who had the advantage of seeing and hearing the witness testify *(see, People v Gebert,* 118 AD2d 799, *lv denied* 67 NY2d 943; *People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 67 NY2d 880; *People v Rosenfeld,* 93 AD2d 872). Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (CPL 470.15 [5]).

Additionally, the hearing court properly found that the police officers possessed probable cause to arrest the defendant. The police officers, acting on a radio report giving a specific description provided by a citizen complainant of the two suspects, one of whom was armed, and the van in which they were riding, were entitled to credit the information and were justified in the initial stop and frisk which ultimately led to the defendant's arrest *(see, People v Brnja,* 50 NY2d 366; *People v Tidwell,* 122 AD2d 289).

Lastly, the defendant's contention that the sentence imposed was excessive is without merit. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.