■ HAROLD REAPE, Respondent, v CITY OF NEW YORK et al., Appellants. [886 NYS2d 357]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 10, 2008, as

denied their cross motion for summary judgment dismissing the cause of action to recover damages for malicious prosecution.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the cause of action to recover damages for malicious prosecution is granted.

The plaintiff commenced this action to recover damages for false arrest and malicious prosecution. The causes of action to recover damages for false arrest previously were dismissed by the Supreme Court and are not at issue on this appeal. With respect to the malicious prosecution cause of action, a plaintiff cannot prevail on such a claim if the police officers had probable cause to believe that the plaintiff committed the underlying crime (*see Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561, 562 [2004]; *Kandekore v Town of Greenburgh,* 243 AD2d 610 [1997]). Indeed, once probable cause for the arrest has been demonstrated, it justifies the ensuing criminal proceeding and thus negates an essential element of a malicious prosecution cause of action (*see Fortunato v City of New York,* 63 AD3d 880, 881 [2009]). Probable cause requires only information sufficient to support a reasonable belief that an offense has been committed (*see People v Bigelow,* 66 NY2d 417, 423 [1985]). Here, the defendants made a prima facie showing that there was probable cause to arrest the plaintiff (*see People v Skyles,* 266 AD2d 321 [1999]; *People v Brown,* 128 AD2d 886 [1987]; *People v Halberg,* 254 AD2d 808 [1998]; *People v Nichols,* 156 AD2d 129 [1989]). In opposition, the plaintiff failed to raise a triable issues of fact.

Accordingly, the defendants were entitled to summary judgment dismissing the cause of action to recover damages for malicious prosecution (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.