09-0055-cv
Dawson v. Snow

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

Present:
> AMALYA L. KEARSE,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> *Circuit Judges*.

_____

ANTHONY DAWSON AND MORRIS FREEDMAN

> *Plaintiffs-Appellants*,

> v.                                                  No. 09-0055-cv

OMAR SNOW, Investigator, New York State Police Department

*Defendant-Appellee,*

STATE OF NEW YORK, NEW YORK STATE POLICE DEPARTMENT,

*Defendants.*[*]

_____

For Plaintiffs-Appellants:     LEWIS B. OLIVER JR., Oliver & Oliver, Albany, NY

For Defendant-Appellee:     KATE H. NEPVEU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) dated December 10, 2008, granting the Defendant-Appellee's motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's grant of a motion for summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences in favor of the non-movant. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). Summary judgment is appropriate only where the parties' submissions "show that there is no genuine issue as to any material fact and that the

---

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

-2-

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiffs-Appellants, Dawson and Freedman bring an action under 42 U.S.C. § 1983 arguing that Defendant Appellee Snow is liable for false arrest. "In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred," *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004), and in New York probable cause is a complete defense to an action for false arrest, *Burns v. City of New York*, 791 N.Y.S.2d 851, 851 (App. Div. 2d Dep't 2005). Probable cause exists if the arresting officer had "information sufficient to support a reasonable belief that an offense has been committed" by the person to be arrested. *Id.* at 852; *see also Reape v. City of New York*, 886 N.Y.S.2d 357, 358 (App. Div. 2d Dep't 2009).

Here, Investigator Snow acted reasonably when he relied on the information provided to him by Dean Plowman and Adam Denicola, since, "[g]enerally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest." *People v. Bero*, 526 N.Y.S.2d 979, 982 (App. Div. 2d Dep't 1988); *see also People v. Tidwell*, 504 N.Y.S.2d 787, 787 (App. Div. 2d Dep't 1986) (noting that information provided by a named eyewitness "is deemed highly reliable and may be acted upon by the police"). Investigator Snow had no reason to doubt either Denicola's or Plowman's veracity because they were both identified eyewitnesses with no apparent motive to falsify. *See Caldarola v. Calabrese,* 298 F.3d 156, 163 (2d Cir. 2002). Accordingly, Investigator Snow did not act improperly in accepting their version of events as true.

The accounts offered by Plowman and Denicola, taken together, were sufficient to establish probable cause. Plowman witnessed the two men stealing an orange ladder from his father's truck on February 3rd. Denicola stated under oath that shortly thereafter he saw two men speeding out of the parking lot with an orange ladder in their vehicle. Plaintiffs conceded at oral argument before the district court that it was "reasonable to assume that the . . . vehicle Denicola saw may have been the perpetrator's vehicle." Tr. of Proceedings, Dec. 10, 2008, at 19. We disagree with Plaintiffs' contention that, because one of the perpetrators had been previously described as having a mustache, Denicola's identification of the clean-shaven men he saw on February 4th did not support a finding of probable cause. That same day Denicola stated to a state police officer that he was "100% sure" that the men he saw that morning were the same ones he had seen speeding out of the parking lot the day before, and that one of them "had shaved his mustache." In a sworn statement given on February 9th, Denicola confirmed his identification of the two men to Investigator Snow. It is irrelevant that Denicola was mistaken in identifying the two men; probable cause can be based on mistaken information, as long as the police acted reasonably and in good faith in relying on the information. *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983). Faced with either letting the alleged perpetrators go or arresting them, Investigator Snow acted properly. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

Plaintiffs-Appellants also allege that Investigator Snow is liable under § 1983 for malicious prosecution. Malicious prosecution claims are analyzed under the applicable state law. *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (analyzing malicious prosecution claim under New York law). In New York, "[t]he elements of an action for

-4-

malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Colon*, 60 N.Y.2d at 82. The existence of probable cause defeats a claim of malicious prosecution. *Wasilewicz v. Village of Monroe Police Dep't*, 771 N.Y.S.2d 170, 171 (App. Div. 2d Dep't 2004). Here, probable cause was found by a judge at a probable cause hearing. In the analogous case of a grand jury indictment, New York courts will presume probable cause and deny a malicious prosecution claim unless the plaintiff can establish that the indictment "was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Colon*, 60 N.Y.2d at 82-83. Plaintiffs-Appellants allege that the license plate number given by Plowman was exculpatory evidence suppressed by Investigator Snow. However, the fact that the license plate search produced no matches simply suggested that the number was incorrect; it did not suggest a different perpetrator. Plaintiffs-Appellants have not demonstrated that Investigator Snow's handling of this evidence was responsible for the finding of probable cause.

Because Investigator Snow had probable cause for both the arrest and the prosecution, we need not address his qualified immunity defense. Plaintiffs-Appellants' claim for unlawful detention was properly dismissed by the lower court because it was not raised in the complaint. We have considered all of Plaintiffs-Appellants' other arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____