■ MICHAEL MASCIELLO, Appellant, v INCORPORATED VILLAGE OF LLOYD HARBOR et al., Respondents. [32 NYS3d 633]—

In an action to recover damages for false arrest and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 19, 2015, as, upon searching the record on his cross motion for summary judgment on the issue of liability, awarded summary judgment to the defendants Incorporated Village of Lloyd Harbor, Police Department of the Incorporated Village of Lloyd Harbor, Karl R. Kieninger, and Gregory R. Muller dismissing the complaint insofar as asserted against them.

Ordered the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for false arrest and malicious prosecution against the defendants

Incorporated Village of Lloyd Harbor, Police Department of the Incorporated Village of Lloyd Harbor, Karl R. Kieninger, and Gregory R. Muller (hereinafter collectively the Village defendants), and his estranged wife, the defendant Michelle Masciello. The Village defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court, upon searching the record on the plaintiff's cross motion, awarded summary judgment to the Village defendants dismissing the complaint insofar as asserted against them. The plaintiff appeals from so much of the order as awarded summary judgment to the Village defendants. We affirm the order insofar as appealed from.

The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and malicious prosecution (see *Gisondi v Town of Harrison*, 72 NY2d 280, 283-284 [1988]; *Paulos v City of New York*, 122 AD3d 815, 817 [2014]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]; *Reape v City of New York*, 66 AD3d 755, 756 [2009]). "Probable cause requires only information sufficient to support a reasonable belief that an offense has been committed" (*Reape v City of New York*, 66 AD3d at 756; see *Nasca v Sgro*, 130 AD3d 588, 589 [2015]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*Iorio v City of New York*, 19 AD3d 452, 453 [2005] [internal quotation marks omitted]; see *Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]). "[O]nce probable cause for the arrest has been demonstrated, it justifies the ensuing criminal proceeding and thus negates an essential element of a malicious prosecution cause of action" (*Reape v City of New York*, 66 AD3d at 756).

Here, contrary to the plaintiff's contention, the record establishes that there was probable cause to charge the plaintiff with the offense of harassment in the second degree pursuant to Penal Law § 240.26 (3) based on the sworn statement of his wife (see *Gisondi v Town of Harrison*, 72 NY2d at 283-284; *Paulos v City of New York*, 122 AD3d at 817; *Holland v City of Poughkeepsie*, 90 AD3d at 845; *Rivera v County of Nassau*, 83 AD3d at 1033; *Reape v City of New York*, 66 AD3d at 756; *Iorio v City of New York*, 19 AD3d at 453). Accordingly, upon searching the record on the plaintiff's cross motion for summary judgment, the Supreme Court properly awarded summary judgment to the Village defendants dismissing the complaint insofar as asserted against them. Chambers, J.P.,

Hall, Austin and LaSalle, JJ., concur. 