People v Nichols (2019 NY Slip Op 06361)





People v Nichols


2019 NY Slip Op 06361


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


767 KA 19-00391

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAVON NICHOLS, DEFENDANT-APPELLANT. 






FRANK MELLACE, II, ROME, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered October 19, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant contends that it was error for County Court to refuse to suppress physical evidence obtained during a search of a vehicle in which he was a passenger for reasons other than those raised by the People. We reject that contention. Initially, there is no evidence that the People expressly limited their rationale for the legal justification of the search to the theory that it was a lawful inventory search. In any event, we conclude that the court was entitled to consider legal justifications that were supported by the evidence, even if they were not raised explicitly by the People (see CPL 710.60 [6]; see also People v Pacifico, 95 AD2d 215, 219 [1st Dept 1983]; People v Casado, 83 AD2d 385, 386 [1st Dept 1981]). "By presenting evidence sufficient to support the court's findings, the People met their burden of going forward . . . and the court may rely on any legal justification for police conduct for which there is factual support in the record" (Pacifico, 95 AD2d at 219).
We further conclude that, contrary to defendant's contention, the court properly declined to suppress the evidence in question. At the time the police approached the vehicle, its occupants were seized for constitutional purposes (see People v De Bour, 40 NY2d 210, 216 [1976]; see also People v Cantor, 36 NY2d 106, 111 [1975]). We conclude, however, that the officers who approached the vehicle had probable cause to believe that defendant had committed a narcotics offense and, therefore, his seizure was constitutional under the circumstances of this case (see De Bour, 40 NY2d at 224).
Specifically, before defendant's seizure, an officer observed defendant conduct what, based on his training and experience, appeared to be a hand-to-hand drug transaction, even though he "couldn't tell" what "items" he had seen during the exchange other than money. Additionally, that officer was in the area conducting surveillance on an unrelated narcotics investigation, raising the inference that the transaction occurred in a drug-prone area. Furthermore, once two other officers approached the vehicle based on the above observations, one officer saw packaging material of the kind used to store narcotics, and the other officer observed that the driver of the vehicle engaged in "furtive" behavior. Based on the totality of those factors, we conclude that the police had probable cause to believe that defendant engaged in a narcotics offense justifying the stop of the vehicle and his arrest (see People v Jones, 90 NY2d 835, 837 [1997]; see also People v McRay, 51 NY2d 594, 601-602 [1980]).
We also conclude that, contrary to defendant's contention, the search of the vehicle was justified by the automobile exception to the warrant requirement. That exception "permits police officers to search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there' " (People v Johnson, 159 AD3d 1382, 1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018], quoting People v Galak, 81 NY2d 463, 467 [1993]). "The exception requires both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made' " (id., quoting People v Langen, 60 NY2d 170, 181 [1983], cert denied 465 US 1028 [1984]). Based on the foregoing, at the time of the search, the police had probable cause to believe that narcotics or packaging materials used in the sale and possession of narcotics were present in the vehicle (see Johnson, 159 AD3d at 1383). Thus, inasmuch as there was a nexus between the probable cause to search the vehicle and the crime for which defendant was being arrested, we conclude that the police were not required to obtain a warrant (see id.).
Finally, contrary to defendant's contention, we further conclude that the police conducted a lawful inventory search. "Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle" (People v Johnson, 1 NY3d 252, 255 [2003]; see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]). "While incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (Johnson, 1 NY3d at 256). Here, the suppression hearing testimony established that it is the policy of the Syracuse Police Department to tow the vehicle and conduct an inventory search when, following a vehicle stop, there is no licensed driver present. Defendant does not contend that his codefendant's license was valid or that he had his own, valid, license on his person at the time of the stop. Thus, we conclude that the inventory search and towing of the vehicle were valid (see People v Huddleston, 160 AD3d 1359, 1360-1361 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court