Odendahl v State of New York (2024 NY Slip Op 51140(U))

[*1]

Odendahl v State of New York

2024 NY Slip Op 51140(U)

Decided on May 8, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 8, 2024
Court of Claims

John Odendahl, Claimant(s),

against
The State of New York, Defendant(s).

Claim No. 136075

Claimant's attorney:
SIVIN, MILLER & ROCHE, LLP
By: Edward Sivin, Esq.
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: Joseph Scolavino, Assistant Attorney General

Walter Rivera, J.

The following papers numbered 1-3 were read and considered by the Court on claimant's motion, brought pursuant to CPLR § 4404 (b), to (1) set aside so much of the Decision rendered from the bench on December 22, 2023 as dismissed the cause of action for malicious prosecution,[FN1]
and (2) to make a new finding that claimant established the cause of action for malicious prosecution by a preponderance of the credible evidence:
Notice of Motion, Attorney's Supporting Affirmation 1
Attorney's Affirmation in Opposition, Memorandum of Law and Exhibit 2
Attorney's Reply Affirmation and Exhibit 3
Procedural Background
This Amended Claim alleges that, on January 24, 2020 at approximately 1:30 p.m., inside Green Haven Correctional Facility (Green Haven), "claimant was illegally detained and imprisoned inside a hallway outside of the New Visiting Room at Green Haven" after he had visited with his grandson who was incarcerated at the facility (Amended Claim, ¶ 4). The claim further alleges that claimant was assaulted and battered by New York State Department of Corrections and Community Supervision (DOCCS) correction officers, including Correction Officer (CO) Nitiva McGeachy, and that other correction officers observed the assault and battery and failed and refused to intervene to prevent or stop the assault and battery. The claim also alleges that claimant was falsely and maliciously charged by " DOCCS officers and a New York State trooper" with crimes of which claimant was innocent and which the officers knew claimant to be innocent (emphasis added) (id.). The charges were allegedly initiated for the improper, collateral purpose of covering up the false imprisonment and assault and battery committed against claimant (id.). 
The malicious prosecution claim is based upon the Information filed in the Town Court, Town of Beekman, which charged claimant with "HARASSMENT-2ND:PHY CONTACT" in violation of Section 240.26 of the Penal Law (Attorney's Reply Affirmation, Ex. 1). The Information provides in pertinent part that:
"[Claimant] violated NY Penal Law Section 240.26 Harassment in the 2nd degree by shoving, and striking the [CO McGeachy] while attempting to exit a holding room in the correctional facility. As [CO McGeachy] stood in the doorway, [claimant] began shoving his way out of the room pushing and striking [CO McGeachy] in order to do so. All contrary to the statute of law herein provided."
(id.). The Information was ultimately dismissed by the Town Court, Town of Beekman.
The trial of this claim was held on October 4 through October 5, 2023, and it resumed on December 14 and December 18, 2023. At the conclusion of claimant's case on December 18, 2023, the State moved to dismiss the claim arguing that claimant had failed to make out a prima facie case. Claimant conceded to the dismissal of the causes of action alleging negligent hiring, training, supervision and retention of the correction officers involved in the incident and the Court dismissed those causes of action on the record. Claimant opposed the State's motion to dismiss the remaining causes of action alleging assault and battery by the correction officers, the failure of the correction officers to intervene to stop the assault and battery, and the malicious prosecution of claimant by the correction officers and the State trooper. The Court reserved decision on the State's motion. 
At the conclusion of the trial, the State renewed its motion to dismiss based upon claimant's failure to make out a prima facie case and on the basis that claimant had failed to meet his burden of proof of establishing the aforenoted causes of action by a preponderance of the credible evidence. Claimant opposed the State's motion. The Court reserved decision on the State's motion.
Additionally, the Court adjourned the matter to December 22, 2023 to afford the parties an opportunity to submit additional legal argument and supporting case law addressed to the cause of action for malicious prosecution. The parties provided the Court with written submissions, which the Court reviewed, along with other relevant case law.
On December 22, 2023, the Court rendered decision from the bench addressing the State's motion to dismiss. The Court denied the State's motion to dismiss the cause of action alleging assault and battery by Green Haven correction officers and found the State to be liable for the assault and battery. The Court granted the State's motion to dismiss the cause of action alleging that the Green Haven correction officers had failed to intervene to stop the assault and battery based upon claimant's failure to meet his burden of proof by a preponderance of the credible evidence.
As to the cause of action alleging the malicious prosecution of claimant by the correction officers and the State trooper, the Court granted the State's motion to dismiss based upon claimant's failure to meet his burden of proof by a preponderance of the credible evidence. Specifically, the Court found that claimant had failed to establish that there was an absence of probable cause for the commencement of the proceeding against claimant and that there was actual malice in the commencement of the proceeding against claimant.
The Court's determination was rendered from the bench as follows:
"[a]s to the cause of action of malicious prosecution, it is well settled that to prevail on a claim of malicious prosecution, as set forth in the seminal Court of Appeals decision, Broughton v State of New York (37 NY2d 451, 457 [1975]), claimant has the burden of establishing by a preponderance of the credible evidence the four elements of that cause [*2]of action:
1. the commencement of a criminal proceeding against Claimant;
2. the termination of that proceeding in favor of Claimant;
3. an absence of probable cause for the proceeding; and
4. actual malice.
With regard to the third and fourth elements, the Court of Appeals has stated that 'lack of probable cause to institute a criminal proceeding and proof of actual malice are independent and indispensable elements of a malicious prosecution action' (Martin v City of Albany, 42 NY2d 13, 17 [1977]).
As to the element of probable cause, the Court of Appeals has stated that a party may act with probable cause, even though mistaken, where there were sufficient facts and circumstances as would lead a reasonable prudent person in like circumstances to believe claimant to be guilty (see Colon v City of New York, 60 NY2d 78, 82 [1983]).
Information provided by an identified individual accusing another [of] a specific crime is generally legally sufficient to provide the police with probable cause (see Nasca v Sgro, 130 AD3d 588, 589 [2d Dept 2015]). Additionally, probable cause to believe that a person has committed a crime is a complete defense to causes of action alleging false arrest and malicious prosecution (see Martinez v City of Schenectady, 97 NY2d 78, 84-85 [2001]; Silverstein v New York City Police Dept., 167 AD3d 961 [2d Dept 2018]).
In the instant case, the Court finds that claimant has failed to establish by a preponderance of the credible evidence that there was an absence of probable cause for the commencement [of] the proceeding against him as Claimant was identified to the state police by Correction Officers McGeachy, Martin and Davis as having assaulted Correction Officer McGeachy (see Masciello v Inc. Vill. of Lloyd Harbor, . . . 140 AD3d 834 [2d Dept 2016]), [a]nd there's no record support for the allegation in the claim that the charges were initiated for the improper collateral purpose of covering up the false imprisonment and assault and battery committed against Claimant.
As to the element of actual malice, there is no requirement that the defendant's acts be purposefully evil or intended to harm Claimant, as malice may be inferred from a reckless disregard for Claimant's rights to be free from unjustifiable litigation where probable cause is so totally lacking as to permit a reasonable inference that the proceeding was maliciously instituted (Broughton, 37 NY2d at 457; Martin, 42 NY2d at 17; Hernandez v State of New York, 228 AD2d 902 [3d Dept 1996]).
In the instant case, the Court finds that Claimant has failed to establish by a preponderance of the credible evidence that there was actual malice in the commencement of the proceeding against him.
Accordingly, the Court [GRANTS] the State's motion to dismiss the cause of action for malicious prosecution on the basis that Claimant failed to establish the third and fourth elements of the cause of action, namely an absence of probable cause and actual malice"
(Attorney's Affirmation in Opposition, Ex., pp 27-29).
Claimant concedes in his motion papers that the Court correctly determined that "the evidence failed to demonstrate that the state trooperlacked probable cause to prosecute Claimant, since the trooper presumably based those charges on a good-faith belief that Claimant [*3]had assaulted McGeachy (emphasis in original)" (Attorney's Supporting Affirmation, ¶ 3). Additionally, the motion papers assert that " Claimant acknowledges that during the . . . litigation, he failed to adduce any evidence that the New York State trooperwho formally charged Claimant with assault lacked probable cause for that charge. Claimant therefore agrees with the Court that there existed probable cause, at least from the perspective of the trooper, to charge Claimant with assault (emphasis in original)" (id. at 4).
Claimant argues in his motion papers, however, that the gravamen of his malicious prosecution claim is that CO McGeachy maliciously initiated the prosecution of clamant by falsely representing to the State trooper that claimant had assaulted her and that the evidence presented at the trial established malicious prosecution based upon CO McGeachy's conduct. Claimant further argues that "the Court found that [CO McGeachy] had falsely accused Claimant of having assaulted her"and that McGeachy's false accusation to the State trooper is the basis for claimant's malicious prosecution claim (id. at 5, 7). Therefore, claimant maintains that the Court should have found that claimant established his cause of action for malicious prosecution based upon McGeachy's conduct because McGeachy knew that the information that she provided to the State trooper was false.
In claimant's reply papers, claimant concedes that "while it may be true that this Court, in its decision, did not explicitly state that McGeachy filed a false report, such a finding necessarily follows from the Court's finding that Claimant did not assault McGeachy" (Attorney's Reply Affirmation, ¶ 2). Claimant further notes that claimant's trial Exhibit 8, the Information filed in the Town Court, Town of Beekman, evidences that McGeachy, the complainant, reported and signed, under penalty of perjury, that claimant had committed "HARASSMENT-2ND:PHY CONTACT" in violation of Section 240.26 of the Penal Law by "shoving, and striking" the complainant (id. at Ex. 1). Additionally, claimant argues that, "while this Court also did not explicitly state in its decision that McGeachy acted with malice when she initiated the prosecution of Claimant, such a conclusion easily follows from the fact that McGeachy knowingly and falsely accused Claimant in a Criminal Court Complaint of having assaulted her (emphasis in original)" (id. at ¶ 3).
The State opposes the motion and argues that the Court did not make a finding that CO McGeachy or any other correction officer knowingly made a false report to the State trooper regarding claimant's conduct.

Claimant's Motion to Set Aside the Dismissal of the Cause of Action for Malicious Prosecution 
 and to Make A New Finding in Favor of Claimant
CPLR 4404(b) Motion after trial where jury not required. provides:
"[a]fter a trial not triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision or any judgment entered thereon. It may make new findings of fact or conclusions of law, with or without taking additional testimony, render a new decision and direct entry of judgment, or it may order a new trial of a cause of action or separable issue."
Such motions are directed to the discretion of the trial court (Di Bernardo v Gunneson, 65 AD2d 828, 829 [3rd Dept 1978]). "A judgment rendered after a bench trial should not be disturbed unless it is obvious that the court's conclusions cannot be supported by any fair interpretation of the evidence, particularly where the credibility of witnesses is central to the [*4]case" (Saperstein v Lewenberg, 11 AD3d 289, 289 [1st Dept 2004]).
In the case at bar, the Court was presented with hotly disputed credibility issues regarding the facts as they pertain to the incident which formed the basis of the causes of action alleged in the claim.
Contrary to claimant's arguments, and consistent with the State's arguments in opposition, the Court did not make a finding that CO McGeachy or any other correction officer knowingly provided false information to the State trooper accusing claimant of assault and battery.
Rather, in the Court's determination of the facts regarding the cause of action alleging that CO McGeachy had assaulted and battered claimant, the Court carefully weighed the sharply contrasted versions of the facts presented by the parties as to the interchange between claimant and CO McGeachy inside the Green Haven hallway leading to the lobby. In its search for the truth regarding this incident and claimant's allegations that he was assaulted and battered by CO McGeachy, the Court noted the following:
"[CO McGeachy] testified that she did not recall many details of the incident because it happened very quickly. When asked if she hit Claimant, she responded 'I probably did.' She then stated again that she probably did. Then she said that 'she probably didn't' and that 'she was not going to say either or,' as she probably hit him during the . . . 'tussle' as she was trying to get him off her. She denied being angry and stated that she was upset. She conceded that she told Sergeant Malark that she didn't know what hit her.
She testified that approximately two months after the incident she had mercy for Claimant and expressed to the [AAG] that she had mercy for Claimant.
On re-direct she testified that she had mercy for Claimant and did not want to press charges against [claimant].
. . .
[In weighing] [CO] McGeachy's testimony [and] assessing her demeanor, the Court was left with the distinct impression that she was not forthright and gave inconsistent testimony. In searching for the truth of what occurred between Claimant and [CO] McGeachy, the Court finds it difficult to understand [CO] McGeachy's testimony as to having mercy for Claimant months after she had complained to her supervisors and coworkers and State Trooper Bello that Claimant had assaulted her as well as her irreconcilable statements that she probably did and she probably didn't hit Claimant. The Court does not credit [CO] McGeachy's testimony that she was repeatedly struck by Claimant and the Court finds that the more credible scenario of the incident is that Claimant, a 66 year old unarmed, disabled grandfather of an [IP] at Green Haven, who regularly visited with his wife, without incident, to see their grandson, did not physically attack [CO] McGeachy at Green Haven Correctional Facility, a secure state prison populated by a vast number of correction officers"
(Attorney's Affirmation in Opposition, Ex., pp 15-16, 22-23).
Upon review of the aforenoted excerpts of the trial transcript, the Court maintains that its finding that the credible evidence established that claimant was battered and assaulted by CO McGeachy does not equate with a finding that claimant was maliciously prosecuted. Additionally, the Court's findings that "[t]he Court does not credit [CO] McGeachy's testimony that she was repeatedly struck by Claimant" and that claimant "did not physically [attack] [CO] [*5]McGeachy" does not equate with a finding by this Court that on the date of the incident CO McGeachy knowingly gave false information to the State trooper verbally and in the signed Information (id. at 23).
Indeed, the Court noted that CO McGeachy testified at trial that she did not recall many details of the incident that occurred approximately four years ago because it happened very quickly. CO McGeachy also referred to the incident as a "tussle" (id. at 16). She conceded at trial that she also told Sergeant Malark that she didn't know what hit her. CO McGeachy also testified that approximately two months after the incident she had mercy for claimant and did not want to press charges against claimant. CO McGeachy also testified that she expressed to the Assistant Attorney General that she had mercy for claimant. The aforenoted excerpts of McGeachy's trial testimony do not, as claimant argues, establish that CO McGeachy knowingly provided false information to the State trooper.
It is equally plausible from CO McGeachy's trial testimony that, at the time of the incident, CO McGeachy provided the State trooper with the information that she believed at that time to be true and that after the heat of the moment had passed and, upon further reflection months after the incident, McGeachy questioned her own recollection of the incident, felt mercy for claimant, and did not want to press charges against him. 
Upon the Court's careful review of the papers and the arguments made, the Court finds that, contrary to claimant's arguments, the trial evidence was insufficient to establish by a preponderance of the credible evidence claimant's cause of action for malicious prosecution (see Baker v City of New York, 44 AD3d 977 [2nd Dept 2007] [A failure to establish any one of the four elements of a cause of action for malicious prosecution warrants dismissal of the cause of action; complainant did not knowingly provide false information nor play an active role in the prosecution and therefore the cause of action was dismissed on a motion for summary judgment]; Silverstein, 167 AD3d at 962 [Probable cause to believe that a person committed a crime is a complete defense to a causes of action alleging malicious prosecution]; Williams v Amin, 52 AD3d 823, 824 [2nd Dept 2008] [A civilian who contacted the police and signed a criminal complaint was not liable for malicious prosecution where law enforcement authorities were free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed]). Therefore, that there is no basis for setting aside the dismissal of the cause of action for malicious prosecution.
Accordingly, claimant's motion is DENIED in its entirety.

Footnotes

Footnote 1:The Court's Interlocutory Judgment was filed on January 18, 2024.