■ Kurt Hardy, Appellant, v State of New York, Respondent. (Claim No. 98666.) [742 NYS2d 346] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Waldon, J.), dated March 13, 2001, which, upon the granting of the defendant's motion, made at the close of the claimant's opening statement, to dismiss the claim for failure to state a prima facie case, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

On April 14, 1997, the claimant was playing in a basketball game organized by the New York City Police Athletic League (hereinafter the P.A.L.) at a gymnasium owned by the State of New York. The moveable basketball hoop used for the game was set up by the P.A.L. The claimant was struck in the head when the basketball rim and backboard collapsed because the P.A.L. allegedly failed to place a pin in the structure supporting the rim and backboard.

During his opening statement, the claimant's attorney set forth the above facts and alleged that the P.A.L.'s negligence was the proximate cause of the injury and that the State was liable for such negligence under the doctrines of res ipsa loquitur and respondeat superior. Following the claimant's opening statement, the State moved to dismiss the claim on the ground that the claimant failed to state a prima facie case. After granting the claimant an opportunity to provide additional offers of proof and to reopen his case, the Court of Claims dismissed the claim.

Although motions to dismiss at the completion of the claimant's opening statement generally are not favored, the State's motion was properly granted by the Court of Claims, after having first given the claimant an opportunity to present proof subsequent to the application to dismiss (*see Clifford v Sachem Cent. School Dist. at Holbrook*, 271 AD2d 470).

The claimant's remaining contentions are without merit. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.