■ GARY M. CARLTON, Respondent, v NASSAU COUNTY POLICE DEPARTMENT, Appellant. [761 NYS2d 98] —In an action, inter alia, to recover damages for false arrest and imprisonment, malicious prosecution, deprivation of civil rights under the Fourteenth Amendment of the United States Constitution and 42 USC § 1983, libel, slander, and negligent investigation, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered September 3, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging libel, slander, and negligent investigation and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendant's assertions, issues of fact exist as to whether the police officers had probable cause to arrest the plaintiff without a warrant at his home for "theft of services" pursuant to Penal Law § 165.15 (2), after the plaintiff left a restaurant without paying disputed portions of the bill, notwithstanding the existence of an affidavit by the restaurant owner that the plaintiff left without paying the bill (*see* CPL 140.10 [1] [b]; *Broughton v State of New York,* 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]; *Smith v County of Nassau,* 34 NY2d 18, 22-23

[1974]; *Tsachalis v City of Mount Vernon,* 293 AD2d 525 [2002]). Probable cause is a complete defense to an action alleging false arrest or false imprisonment whether brought under state law or 42 USC § 1983 (*see Broughton v State of New York, supra; Zwecker v Clinch,* 279 AD2d 572, 573 [2001]; *Bernard v United States,* 25 F3d 98, 102 [2d Cir 1994]). Although, as a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest (*see Mercado v City of New York,* 269 AD2d 576 [2000]; *Minott v City of New York,* 203 AD2d 265 [1994]), the failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause (*see Colon v City of New York,* 60 NY2d 78, 82 [1983]; *People v Starr,* 221 AD2d 488, 489 [1995]; *Stile v City of New York,* 172 AD2d 743 [1991]; *Canteen v City of White Plains,* 165 AD2d 856, 857 [1990]). In the present case, where the bill was disputed and the arresting police officers knew that the bill was disputed, and where the plaintiff provided his business card to the restaurant owner, there is a question of fact as to whether the police officers had probable cause to arrest the plaintiff. Therefore, the defendant was not entitled to dismissal of the causes of action alleging false arrest, false imprisonment, and deprivation of civil rights under the Fourteenth Amendment of the United States Constitution and 42 USC § 1983.

However, the cause of action alleging negligent investigation should have been dismissed because it does not state a cause of action separate and distinct from those to recover damages for false arrest and imprisonment and for malicious prosecution (*see Jestic v Long Is. Sav. Bank,* 81 AD2d 255 [1981]).

The causes of action alleging libel and slander also should have been dismissed because there is no dispute that the published statements that the plaintiff was arrested for theft of services for not paying a disputed bill are true, and truth is an absolute defense to the defamation claims regardless of harm done by the statements (*see Brian v Richardson,* 87 NY2d 46, 50-51 [1995]; *Jung Hee Lee Han v State of New York,* 186 AD2d 536, 537 [1992]; *Saunders v County of Washington,* 255 AD2d 788, 790-791 [1998]).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.