■ MARK HAYNES, Respondent, v CITY OF NEW YORK et al., Appellants. [815 NYS2d 143]—

In an action to recover damages for false arrest and malicious prosecution, the defendants appeal from (1) a judgment of the Supreme Court, Queens County (Dorsa, J.), entered August 2, 2004, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sums of $250,000 on the cause of action alleging false arrest and $1,750,000 on the cause of action alleging malicious prosecution, and (2) an order of the same court dated December 21, 2004 which denied their motion, inter alia, to set aside the jury verdict on the ground that it was against the weight of the evidence and/or excessive.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding damages on the cause of action alleging malicious prosecution and substituting therefor a provision granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendants, unless within 30 days of service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages on the cause of action alleging malicious prosecution from the sum of $1,750,000 to the sum of $1,000,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was to set aside as excessive so

much of the verdict as awarded the plaintiff $1,750,000 on the cause of action alleging malicious prosecution, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed.

On March 12, 1998 two undercover police officers purchased cocaine from an individual referred to as "O." During the drug buy, the officers wrote down the license plate number of the car driven by "O," and the pager number at which he was contacted. One of the undercover police officers and a confidential informant subsequently identified the plaintiff as "O."

Detective DeGeorge, who was subsequently assigned to investigate the case, obtained the address of the registered owner of the car, Ebunolorun Simms, and spoke to Simms's wife. She indicated that Simms was at work. Subsequently, DeGeorge allegedly received a telephone call from an individual whom he thought was Simms' attorney, although he was not certain of this fact. DeGeorge stated that this individual informed him that if the police wanted to talk with Simms they would have to go through him.

After this call, no employee of the New York City Police Department ever returned to Simms's home or attempted to contact him. The police also never investigated the owner of the pager because they thought that the pager company might inform the owner of the investigation, thereby impeding the investigation of drug activity centered around the Baisley Park Housing Project.

On April 8, 1998 at approximately 9:30 P.M., the plaintiff was driving his girlfriend's son to her home after babysitting him when he was stopped and arrested for his alleged role in a drug buy at the Baisley Park Housing Project. He was subsequently indicted on a charge of criminal sale of a controlled substance in the first degree. The plaintiff was incarcerated for a period of almost four months before being released on bail on August 6, 1998.

In March 1999 the charges against the plaintiff were dismissed after it was determined that the plaintiff was mistakenly identified as the drug seller "O." The plaintiff subsequently brought this action to recover damages for false arrest and malicious prosecution.

After a trial, the jury found the defendants liable on the plaintiff's causes of action alleging false arrest and malicious prosecution, and awarded him the sums of $250,000 and $1,750,000, respectively, for those claims. After the trial was

completed, the defendants moved, inter alia, to set aside the verdict as against the weight of the credible evidence and/or as excessive. The Supreme Court denied the motion. The defendants appeal, contending, inter alia, that the plaintiff failed to overcome the presumption of probable cause that attached once the indictment was issued by the grand jury, and that the plaintiff failed to show the existence of the element of malice.

With respect to a cause of action to recover damages for malicious prosecution, "[o]nce a suspect has been indicted . . . the grand jury indictment creates a presumption of probable cause to believe that the suspect committed the crime" (*O'Donnell v County of Nassau*, 7 AD3d 590, 591-592 [2004]). That presumption can be overcome by a showing "that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures" (*Hernandez v State of New York*, 228 AD2d 902, 904 [1996]; *see Lee v City of Mount Vernon*, 49 NY2d 1041, 1043 [1980]; *Lawson v New York City Hous. Auth.*, 223 AD2d 532, 533 [1996]). The presumption may also be overcome by a showing that the police failed "to make further inquiry when a reasonable person would have done so" and that failure "may be evidence of lack of probable cause to arrest" (*Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]; *see Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Stile v City of New York*, 172 AD2d 743 [1991]). Malice may be shown by proof that probable cause was lacking or that the conduct was reckless or grossly negligent (*see Hernandez v State of New York, supra*).

In this case, the jury could have reasonably concluded that the presumption was overcome and the required malice demonstrated (*see DeFilippo v County of Nassau*, 183 AD2d 695, 696 [1992]) by the proof at trial which showed, inter alia, that the conduct of the police department's investigation deviated so drastically from proper police procedure "as to demonstrate an intentional or reckless disregard for proper procedures" (*Hernandez v State of New York, supra* at 904). Consequently, the jury's finding in favor of the plaintiff and against the defendants on the cause of action alleging malicious prosecution was supported by legally sufficient evidence and was not contrary to the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Murray v Maniatis*, 21 AD3d 1012 [2005]; *DiMicelli v McCormack*, 3 AD3d 547, 548 [2004]).

Moreover, the jury's finding in favor of the plaintiff and against the defendants on the cause of action alleging false arrest was supported by legally sufficient evidence and was not contrary to the weight of the evidence.

However, we agree with the defendants that the damages awarded on the cause of action alleging malicious prosecution were excessive to the extent indicated in that they deviated materially from what would constitute reasonable compensation (*see* CPLR 5501 [c]; *Maxwell v City of New York*, 156 AD2d 28 [1990]). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.