■ ANNAMARIE FORTUNATO, Respondent, v CITY OF NEW YORK, Appellant. [882 NYS2d 195]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated March 13, 2008, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging false arrest and malicious prosecution.

Ordered that the order is affirmed insofar as appealed from, with costs.

Probable cause to believe that a person committed a crime is a complete defense to claims of false arrest and malicious prosecution (see Gisondi v Town of Harrison, 72 NY2d 280, 283 [1988]; Iorio v City of New York, 19 AD3d 452, 453 [2005]). Although a witness's identification of a suspect generally may be sufficient to establish probable cause (see Smith v County of Nassau, 34 NY2d 18, 25 [1974]; Williams v Moore, 197 AD2d 511, 514 [1993]; Berson v City of New York, 122 AD2d 7, 9 [1986]; People v Brewster, 100 AD2d 134, 141 [1984]), "failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause" (Carlton v Nassau County Police Dept., 306 AD2d 365, 366 [2003]). The existence or absence of probable cause becomes a question of law to be decided by the court "only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom" (Fausto v City of New York, 17 AD3d 520, 521 [2005]).

Here, while the plaintiff was identified as the perpetrator, the police also had information suggesting that it was the plaintiff's

sister who committed the crime. Consequently, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging false arrest because there is a question of fact as to whether the police had probable cause to arrest the plaintiff (*see Fausto v City of New York*, 17 AD3d at 521; *Carlton v Nassau County Police Dept.*, 306 AD2d at 366).

A cause of action alleging malicious prosecution requires "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]).

When an arrest is made without a warrant and justification for the arrest has not been demonstrated, the "absence of probable cause" element is satisfied for the malicious prosecution claim (*id.* at 457). Furthermore, malice can be inferred by lack of probable cause or "conduct that was reckless or grossly negligent" (*Haynes v City of New York*, 29 AD3d 521, 523 [2006], quoting *Carlton v Nassau County Police Dept.*, 306 AD2d at 366; *Loeb v Teitelbaum*, 77 AD2d 92, 104 [1980]). Thus, the Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging malicious prosecution. Florio, J.P., Miller, Covello and Austin, JJ., concur.