■ JAYDE OKUNUBI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [971 NYS2d 338]—

In an action to recover damages for false arrest and malicious

prosecution, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Hart, J.), dated May 24, 2011, as, upon the granting of the application of the defendant City of New York, in effect, pursuant to CPLR 4401 for judgment as a matter of law, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the City of New York, to recover damages for false arrest and malicious prosecution. The underlying arrest and criminal prosecution involved an alleged assault and harassment. At the start of the trial in this action, prior to the presentation of any evidence, the City made an application, in effect, pursuant to CPLR 4401 for judgment as a matter of law based upon certain admissions made by the plaintiff, through his counsel. It was admitted, among other things, that the victim of the alleged crimes made an in-person identification of the plaintiff to police officers, which led to the plaintiff's immediate arrest. On the basis of these admissions, the Supreme Court determined that the police, as a matter of law, had probable cause to arrest the plaintiff, and thus, the court granted the City's CPLR 4401 application.

An application for judgment as a matter of law may be made at the close of an opposing party's case, or at any time on the basis of admissions (see CPLR 4401). The grant of such an application prior to the close of the opposing party's case is generally disfavored (see Kamanou v Bert, 94 AD3d 704 [2012]; De Vito v Katsch, 157 AD2d 413, 416-417 [1990]). However, judgment as a matter of law may be warranted prior to the presentation of any evidence if the plaintiff has, "by some admission or statement of fact, so completely compromised his or her case that the court was justified in awarding judgment as a matter of law to one or more defendants" (Beshay v Eberhart L.P. #1, 69 AD3d 779, 781 [2010]; see Ballantyne v City of New York, 19 AD3d 440 [2005]; Schomaker v Pecoraro, 237 AD2d 424, 425-426 [1997]; see also Hoffman House, N.Y. v Foote, 172 NY 348, 350 [1902]; Hardy v State of New York, 294 AD2d 400, 401 [2002]; Fuller v New York City Bd. of Educ., 206 AD2d 452, 453 [1994]; De Vito v Katsch, 157 AD2d at 416-417).

Here, prior to the presentation of evidence, the plaintiff's counsel made certain admissions and statements of fact which demonstrated, as a matter of law, that the police had probable cause to arrest the plaintiff. Probable cause to believe that a person committed a crime is a complete defense to causes of ac-

tion alleging false arrest and malicious prosecution (*see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Fortunato v City of New York*, 63 AD3d 880 [2009]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]; *Grieco v Nassau County Police Dept.*, 266 AD2d 262, 263 [1999]). "As a general rule, information from an identified citizen accusing another individual of the commission of a *specific* crime is sufficient to provide the police with probable cause to arrest" (*Petrychenko v Solovey*, 99 AD3d 777, 780 [2012] [citation and quotation marks omitted]; *see Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *People v Read*, 74 AD3d 1245, 1246 [2010]). "[A]n eyewitness victim of a crime can provide probable cause for the arrest of her assailant despite the fact that her reliability has not been previously established or her information corroborated" (*People v Read*, 74 AD3d at 1246; *see People v Gonzalez*, 138 AD2d 622, 623 [1988]; *People v Crespo*, 70 AD2d 661 [1979]).

Here, the plaintiff, through his counsel, admitted that the eyewitness victim of the alleged crimes made an in-person identification of the plaintiff to a police officer, which led to his immediate arrest by that officer. This admission by the plaintiff, through his counsel, "so completely compromised" his position that the police lacked probable cause to arrest him, that the Supreme Court was justified in awarding judgment as a matter of law to the City (*Beshay v Eberhart L.P. #1*, 69 AD3d at 781; *see People v Read*, 74 AD3d at 1246; *People v Gonzalez*, 138 AD2d at 623; *cf. Rivera v County of Nassau*, 83 AD3d at 1034; *cf. also Petrychenko v Solovey*, 99 AD3d at 780; *Fortunato v City of New York*, 63 AD3d at 880-881; *Carlton v Nassau County Police Dept.*, 306 AD2d at 366). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.