■ DEAN NASCA, Appellant, v CHRISTINA SGRO et al., Respondents. [13 NYS3d 188]—

In an action, inter alia, to recover damages for false arrest, abuse of process, and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 22, 2013, as granted those branches of the motion of the defendants Christina Sgro, Charles Roe, Joseph Faby, Vanessa Logan, and the County of Suffolk, and the separate motion of the defendant Thomas Niblock, which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action, denied his cross motion pursuant to CPLR 3215 (a) for leave to enter a default judgment against the defendant Walter Jankowski, and directed him to accept the late answer of Walter Jankowski.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 901-902 [2014]; *Carillo v Stony Brook Univ.*, 119 AD3d 508, 508-509 [2014]). "The test of the sufficiency of a pleading is 'whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments'" (*V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 723 [2013], quoting *Pace v Perk*, 81 AD2d 444, 449 [1981] [internal quotation marks omitted]).

"A court is, of course, permitted to consider evidentiary material . . . in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), and, if it does so, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one'" (*id.* at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Yet, affidavits submitted by a defend-

ant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d at 902 [internal quotation marks omitted]; *see Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682 [2012]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d at 683 [internal quotation marks omitted]; *see Sokol v Leader*, 74 AD3d at 1182).

Applying the above principles, the Supreme Court properly granted those branches of the motion of the defendants Christina Sgro, Police Officer Charles Roe, Police Officer Joseph Faby, Police Officer Vanessa Logan, and County of Suffolk, and the separate motion of the defendant Thomas Niblock (hereinafter collectively the movants) which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

"A plaintiff cannot prevail on causes of action based upon false arrest [and] false imprisonment . . . if the arresting officers had probable cause to believe that [the plaintiff] committed the underlying offense" (*Whyte v City of Yonkers*, 36 AD3d 799, 799 [2007]). Probable cause to believe that a person committed a crime is a complete defense to a cause of action alleging false arrest or false imprisonment, whether asserted under state law or 42 USC § 1983 (*see Gisondi v Town of Harrison*, 72 NY2d 280, 283 [1988]; *Paulos v City of New York*, 122 AD3d 815, 817 [2014]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]; *Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]). "Probable cause requires only information sufficient to support a reasonable belief that an offense has been committed" (*Reape v City of New York*, 66 AD3d 755, 756 [2009]), and "[g]enerally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*Iorio v City of New York*, 19 AD3d 452, 453 [2005] [internal quotation marks omitted]; *see Paulos v City of New York*, 122 AD3d at 817; *People v Read*, 74 AD3d 1245, 1246 [2010]). Here, the complaint, along with attached exhibits, including Sgro's statement that she had an order of protection directing the plaintiff to stay away from her, a copy of the order of protection, and Niblock's statement that he had observed the plaintiff

approach within a few feet of Sgro, conclusively established that the police officers had probable cause to arrest the plaintiff for the crime of criminal contempt in the second degree (Penal Law § 215.50 [3]). Accordingly, the defendant established that the plaintiff did not have a cause of action to recover damages for false arrest or false imprisonment (*cf. Laxer v Edelman*, 75 AD3d 584, 585-586 [2010]).

Since the plaintiff's complaint with attached exhibits conclusively demonstrated that the police had probable cause to arrest the plaintiff for violating the court mandate that he stay away from Sgro, the plaintiff also did not have a cause of action to recover damages for a violation of 42 USC §§ 1983 and 1985 (*see Paulos v City of New York*, 122 AD3d at 817; *Carlton v Nassau County Police Dept.*, 306 AD2d at 366). Similarly, the movants were entitled to dismissal of the abuse of process cause of action since the complaint and attached exhibits conclusively established the lack of "an intent to do harm without excuse or justification" through the employment of judicial process (*Spinner v County of Nassau*, 103 AD3d 875, 877 [2013] [internal quotation marks omitted]; *see Ben-Zaken v City of New Rochelle*, 273 AD2d 426, 427 [2000]) and lack of "use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 403 [1975]; *Caplan v Tofel*, 65 AD3d 1180, 1181 [2009]).

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to enter a default judgment against the defendant Walter Jankowski and directing the plaintiff to accept Jankowski's late answer (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 66-67 [2013]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.