■ Francisco Nolasco, Appellant, v City of New York et al., Respondents. [15 NYS3d 449]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 3, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging false arrest and false imprisonment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was arrested at his home without a warrant, and briefly incarcerated, after a shooting victim (hereinafter the complainant) identified the plaintiff as the perpetrator. He

was never indicted, and the charges were dismissed after several court appearances. The plaintiff thereafter commenced this action against the City of New York and the New York City Police Department (hereinafter the NYPD) alleging, inter alia, false arrest and false imprisonment. The defendants moved for summary judgment dismissing the complaint and the plaintiff opposed, arguing that his arrest was not supported by probable cause. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the cause of action alleging false arrest and false imprisonment.

To prevail on a cause of action alleging false arrest or false imprisonment, a plaintiff must prove (1) intentional confinement by the defendant, (2) of which the plaintiff was aware, (3) to which the plaintiff did not consent, and (4) which was not otherwise privileged (*see Broughton v State of New York*, 37 NY2d 451, 456 [1975]; *Ali v City of New York*, 122 AD3d 888, 890 [2014]; *Williams v City of New York*, 114 AD3d 852, 853 [2014]). Where, as here, an arrest is made without a warrant, "[t]he existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" (*Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001], citing *Broughton v State of New York*, 37 NY2d at 458 [2001]; *accord Williams v City of New York*, 114 AD3d at 853; *see Smith v County of Nassau*, 34 NY2d 18, 23 [1974]; *Okunubi v City of New York*, 109 AD3d 888, 890 [2013]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see Colon v City of New York*, 60 NY2d 78, 82 [1983]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging false arrest and false imprisonment by submitting evidence demonstrating that the police had probable cause to arrest the plaintiff. "[I]nformation provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*Williams v City of New York*, 114 AD3d at 853 [internal quotation marks omitted]; *accord Okunubi v City of New York*, 109 AD3d at 890; *Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *Iorio v City of New York*, 19 AD3d 452, 453 [2005]; *see Paulos v City of New York*, 122 AD3d 815, 817 [2014]). The defendants' submissions established that the complainant, an identified citizen, claimed that he was shot in the back and

identified the plaintiff as the person who shot him. The arresting detective testified at his deposition that he observed the complainant's gunshot wound and recovered a bloody T-shirt with a bullet hole from him. The defendants' submissions demonstrated that the complainant identified the plaintiff as the shooter by name, provided the police with a physical description of him, and identified the plaintiff as the shooter in a photograph, all prior to the plaintiff's arrest (*see Paulos v City of New York*, 122 AD3d at 817; *Okunubi v City of New York*, 109 AD3d at 890; *Graham v City of New York*, 28 AD2d 245, 249 [1967]).

The plaintiff failed to raise a triable issue of fact in opposition. "[A]n arrest need not be supported by information and knowledge which, at the time, excludes all possibility of innocence and points to the defendant's guilt beyond a reasonable doubt . . . As the very name suggests, probable cause depends upon probabilities, not certainty" (*People v Rodriguez*, 168 AD2d 520, 521 [1990] [internal quotation marks omitted]). Contrary to the plaintiff's contention, the complainant's admission to the arresting detective that the plaintiff shot him over drugs and not over a woman, as originally claimed, as well as minor inconsistencies in the complaint reports prepared by the NYPD, did not, as a matter of law, require further inquiry to confirm that a crime had in fact been committed before the plaintiff's arrest was effectuated (*cf. Sirlin v Town of New Castle*, 35 AD3d 713 [2006]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365 [2003]), or raise a question as to whether the officers' reliance on the complainant's identification of the plaintiff as the perpetrator was reasonable under the circumstances (*cf. Fortunato v City of New York*, 63 AD3d 880 [2009]; *Sital v City of New York*, 60 AD3d 465 [2009]). Furthermore, the plaintiff's argument that probable cause could not exist in the absence of additional investigation into his alibi, which alibi was first provided to the police after the plaintiff's arrest and later discredited by the arresting detective, is unavailing (*see Stratton v City of Albany*, 204 AD2d 924, 926-927 [1994]; *Berson v City of New York*, 122 AD2d 7, 9 [1986]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging false arrest and false imprisonment. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.