■ ALEX SINCLAIR, Appellant, v CITY OF NEW YORK et al., Respondents. [60 NYS3d 348]—

Appeal from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), entered May 18, 2015. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the morning of March 24, 2011, the plaintiff was arrested at his home in Queens. The officers who arrested the plaintiff informed him that they had a warrant for his arrest, handcuffed him, and transported him to the 113th precinct station house. The plaintiff remained at the precinct for a number of hours before being transported to Central Booking. In the early morning hours of March 25, 2011, the plaintiff was released, without being arraigned, and subsequently received a letter from the Queens County District Attorney's office explaining that he was not being charged. Thereafter, he learned that someone who had been pickpocketed days earlier had identified him as the perpetrator while viewing mug shots on the police computer photo manager system. The detective handling the case, Brian Heerey, prepared an "iCard" directing the warrant squad to locate and arrest the plaintiff. It is undisputed that no arrest warrant was ever issued.

The plaintiff commenced this action against the City of New York and Heerey, asserting causes of action to recover damages

for, inter alia, assault and battery (first cause of action) false arrest and false imprisonment (second cause of action), malicious prosecution (fourth cause of action), and violation of the plaintiff's civil rights pursuant to 42 USC § 1983 (sixth cause of action).

The defendants moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability on the first, second, fourth, and sixth causes of action. The Supreme Court denied the motion and cross motion. The plaintiff appeals from so much of the order as denied his cross motion. We affirm.

The plaintiff's submissions in support of his cross motion failed to eliminate the existence of triable issues of fact as to whether there was probable cause to arrest him. The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest and false imprisonment (see Semmig v Charlack, 143 AD3d 802, 803 [2016]; Batten v City of New York, 133 AD3d 803, 805 [2015]; Paulos v City of New York, 122 AD3d 815, 817 [2014]; see also De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]), including a cause of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law, which is the federal-law equivalent of a state common-law false arrest cause of action (see Betts v Shearman, 751 F3d 78, 82 [2014]; see also Jenkins v City of New York, 478 F3d 76, 84 [2007]). Similarly, the existence of probable cause also constitutes a complete defense to a cause of action alleging malicious prosecution (see Batten v City of New York, 133 AD3d at 805) and the federal-law equivalent of a state common-law malicious prosecution cause of action (see Manganiello v City of New York, 612 F3d 149, 160-161 [2010]). Finally, with respect to the cause of action to recover damages for assault and battery, since the plaintiff failed to eliminate the existence of triable issues of fact regarding whether the arrest was supported by probable cause, there are triable issues of fact as to whether any contact occurred during an unlawful arrest (see Smolian v Port Auth. of N.Y. & N.J., 128 AD3d 796, 800 [2015]; Rodgers v City of New York, 106 AD3d 1068, 1069 [2013]; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718 [2003]; Johnson v Suffolk County Police Dept., 245 AD2d 340, 341 [1997]).

The plaintiff's submissions in support of his cross motion failed to eliminate triable issues of fact as to whether Heerey should have questioned the victim's credibility or made further inquiry prior to having the plaintiff arrested, and thus, whether there was probable cause to arrest the plaintiff (see Fortunato

*v City of New York*, 63 AD3d 880, 880-881 [2009]; *Fausto v City of New York*, 17 AD3d 520, 521-522 [2005]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365 [2003]). Since this is not a case where there is no real dispute as to the facts or the proper inferences to be drawn therefrom (*see Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991]; *Semmig v Charlack*, 143 AD3d at 803; *Fausto v City of New York*, 17 AD3d at 521), the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on his causes of action to recover damages for assault and battery, false arrest and false imprisonment, malicious prosecution, and violation of his civil rights pursuant to 42 USC § 1983 (*see Fortunato v City of New York*, 63 AD3d at 880-881; *Fausto v City of New York*, 17 AD3d at 521-522; *Carlton v Nassau County Police Dept.*, 306 AD2d at 366). Chambers, J.P., Miller, Barros and Connolly, JJ., concur.