Silverstein v New York City Police Dept. (2018 NY Slip Op 08707)





Silverstein v New York City Police Dept.


2018 NY Slip Op 08707


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-10769
 (Index No. 19707/09)

[*1]Ronnie Silverstein, et al., appellants, 
v
New York City Police Department, et al., respondents, et al., defendants.


Neil R. Finkston, Great Neck, NY, for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Elina Druker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for false arrest and malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 24, 2016. The order granted the motion of the defendants New York City Police Department and the City of New York for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff Ronnie Silverstein (hereinafter the plaintiff) was arrested on April 24, 2006, after the infant defendant, a 12-year-old who was formerly friends with the plaintiff's daughter, alleged that the plaintiff dragged her several blocks from a supermarket to a building lobby, prevented her from leaving, and told her that he was going to rape her. The plaintiff was charged with, inter alia, various counts of harassment and menacing due to the alleged incident. The plaintiff claimed that he was at a hospital at the time of the alleged incident. He ultimately agreed to an adjournment in contemplation of dismissal of the charges pending against him, as well as a six-month order of protection preventing him from contacting the infant defendant. On August 23, 2007, the plaintiff was arrested again, after the infant defendant alleged that he approached her on the street on August 10, 2007, in violation of the order of protection, and threatened to kill her. The plaintiff presented an alibi of being at a baseball game at the time he was alleged to have threatened the infant defendant, and charges of criminal contempt against him were dismissed, upon the motion of the Kings County District Attorney's Office.
The plaintiff, and his wife suing derivatively, commenced this action against the infant defendant and her mother, as well as against the City of New York and the New York City Police Department (hereinafter together the City). The complaint alleged that the infant defendant and her mother falsely accused the plaintiff of the crimes, and alleged false arrest and malicious prosecution causes of action against the City. The City moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it had probable cause to arrest the plaintiff on both occasions. The Supreme Court granted the City's motion, and the plaintiffs appeal.
"Probable cause to believe that a person committed a crime is a complete defense to causes of action alleging false arrest and malicious prosecution" (Okunubi v City of New York, 109 AD3d 888, 889-890; see Martinez v City of Schenectady, 97 NY2d 78, 84-85; Fortunato v City of New York, 63 AD3d 880, 880). Generally, "information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (Nasca v Sgro, 130 AD3d 588, 589; see Nolasco v City of New York, 131 AD3d 683, 684; Williams v City of New York, 114 AD3d 852, 853). A victim's report is insufficient only if there are "materially impeaching circumstances" which would cause a reasonable person to inquire further (People v Jackson, 105 AD3d 866, 867; see People v Read, 74 AD3d 1245, 1246; Fortunato v City of New York, 63 AD3d at 880).
The City established its prima facie entitlement to judgment as a matter of law through evidence demonstrating that both arrests were based on information provided by the alleged victim, the infant defendant herein, and her mother to the police. The infant defendant and her mother specifically identified the plaintiff as having committed the alleged acts of harassment and menacing in April 2006, and of violating the order of protection in August 2007. The complaints were legally sufficient to provide the police with probable cause to arrest the plaintiff on both occasions (see Nasca v Sgro, 130 AD3d at 589; see also Nolasco v City of New York, 131 AD3d at 684; Williams v City of New York, 114 AD3d at 853).
The evidence submitted in support of the City's motion also demonstrated that there were no materially impeaching circumstances that would have caused a reasonable person to inquire further prior to arresting the plaintiff. The inference to be drawn from the record is that the police had no reason to know of a longstanding acrimonious relationship between the plaintiff and the infant defendant's family as alleged in the complaint (cf. Fausto v City of New York, 17 AD3d 520, 521-522).
In opposition to the City's prima facie showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to demonstrate that the police had reason to disbelieve the allegations of the infant defendant and her mother prior to the plaintiff's arrests (cf. Carlton v Nassau County Police Dept., 306 AD2d 365, 365). The plaintiff's alibis were presented to the police and the District Attorney's Office after the arrests.
The plaintiffs' remaining contentions are either without merit or not properly before the Court.
Accordingly, we agree with the Supreme Court's determination granting the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court