Sloane v City of New York (2019 NY Slip Op 00488)





Sloane v City of New York


2019 NY Slip Op 00488


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-08604
 (Index No. 10955/13)

[*1]Taronn Sloane, appellant, 
v
City of New York, respondent.


Sacco & Fillas, LLP, Astoria, NY (Jeremy S. Ribakove of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing, Megan E.K. Montcalm, and Yasmin Zainulbhai of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 3, 2016. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging false arrest and malicious prosecution.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and two friends attended a party at a residence in Brooklyn. As they were leaving the party at approximately 3:00 or 4:00 a.m., a fight broke out on the street nearby. In response to a call to the 911 emergency number about the situation, police officers arrived at the scene and ordered the crowd to disperse. By the plaintiff's own account, as he testified to at a General Municipal Law § 50-h hearing and at his deposition, when the officers arrived, he was physically situated between two of the fighters and grabbing on to one of them. According to the plaintiff, he let go of the fighter he was grabbing and started to back up against a wall as ordered by the officers, but he then refused to comply with the officers' multiple orders to get on the ground. The plaintiff testified that he kept moving away from the officers and told them that he would not get on the ground. The plaintiff was ultimately arrested and charged with, among other things, disorderly conduct (see Penal Law § 240.20[1]). The charges against the plaintiff were subsequently dismissed.
The plaintiff commenced this action against the City of New York, inter alia, to recover damages for false arrest and malicious prosecution. After the completion of discovery, the City moved, among other things, for summary judgment dismissing the false arrest and malicious prosecution causes of action, arguing that the officers had probable cause to arrest the plaintiff. The Supreme Court granted those branches of the City's motion, and the plaintiff appeals.
"Probable cause to believe that a person committed a crime is a complete defense to causes of action alleging false arrest and malicious prosecution" (Okunubi v City of New York, 109 AD3d 888, 889-890; see Martinez v City of Schenectady, 97 NY2d 78, 85; Broughton v State of New York, 37 NY2d 451, 458; Nolasco v City of New York, 131 AD3d 683; Reape v City of New York, [*2]66 AD3d 755). Probable cause "consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" of the underlying offense (Semmig v Charlack, 143 AD3d 802, 803 [internal quotation marks omitted]; see Colon v City of New York, 60 NY2d 78, 82). Thus, "[w]hile probable cause does not require the same quantum of proof necessary to support a conviction, it does require the existence of facts and circumstances which, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed, and that the [plaintiff] committed or is committing that offense" (People v Bradshaw, 76 AD3d 566, 570 [citations omitted]; see People v Jacob, 81 AD3d 977, 978). Probable cause "is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn" (Diederich v Nyack Hosp., 49 AD3d 491, 493; see Petrychenko v Solovey, 99 AD3d 777, 780; Holland v City of Poughkeepsie, 90 AD3d 841).
Here, in support of its motion for summary judgment, the City submitted the plaintiff's General Municipal Law § 50-h hearing testimony and deposition testimony, in which he testified that he was physically situated in the middle of a physical altercation on the street, involving a large group of individuals in the early hours of the morning, when officers arrived on the scene. According to the plaintiff, he was physically grabbing one of the fighters at the time the officers arrived. The City also submitted the deposition testimony of the two responding officers, who similarly testified that they saw the plaintiff in the middle of a physical altercation around the time they arrived at the scene. The plaintiff further admitted that he refused to comply with the officers' multiple requests to get on the ground as they tried to bring the situation under control. Under these circumstances, the City established, prima facie, that the officers had probable cause to arrest the plaintiff for disorderly conduct (see Penal Law § 240.20[1]; People v Weaver, 16 NY3d 123; People v Tichenor, 89 NY2d 769).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff contends that there was no probable cause to arrest him because he was only trying to break up the fight. The plaintiff's subjective intent, however, does not raise a triable issue of fact under the circumstances of this case. The officers had a reasonable basis to believe that the plaintiff was one of the participants in the fight based on their firsthand observations, as corroborated by the plaintiff's own description of his physical presence among the fighters and his subsequent interaction with the officers.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the City's motion which were for summary judgment dismissing the false arrest and malicious prosecution causes of action.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court