Cartagena v Lee (2022 NY Slip Op 51215(U))

[*1]

Cartagena v Lee

2022 NY Slip Op 51215(U) [77 Misc 3d 129(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON,
CHEREÉ A. BUGGS, JJ

2021-642 Q C

Alexander Cartagena, Appellant,
against
Stephen K. Lee and Chak L. Lee, Respondents.

Mischel & Horn, P.C. (Scott T. Horn and Nicholas Bruno of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondents.

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(John C.V. Katsanos, J.), entered November 29, 2019. The judgment, entered upon an
oral order of that court made on November 5, 2018 treating a motion by defendants to
dismiss the complaint pursuant to, in effect, 22 NYCRR 208.14 (b) (2) as being, in
effect, for a directed verdict in favor of defendants pursuant to CPLR 4401, granting the
motion and directing the dismissal of the complaint on the merits, dismissed the
complaint with prejudice.

ORDERED that the judgment is affirmed, without costs. 
On the morning of November 5, 2018, prior to the start of the damages portion of the
trial in this personal injury action, defense counsel orally moved to preclude plaintiff
from presenting any evidence related to herniated discs in his thoracic spine. Defense
counsel argued that the thoracic spine injury had not been claimed in the bill of
particulars and that he had not received a copy of the supplemental bill of particulars,
dated September 5, 2018, until "about five minutes ago." Over plaintiff's objection, the
court granted defendants' motion. Plaintiff's counsel then stated that plaintiff could not
go forward with the trial "without that injury" and the court denied plaintiff's application
to adjourn the trial. As a result, defense counsel orally moved "under the uniform rules"
to dismiss the complaint because plaintiff was not ready to proceed (see 22 [*2]NYCRR 208.14 [b] [2]). The court stated that the merits of
plaintiff's case are being heard. Plaintiff's counsel stated, "At this point, I can't go
forward . . . [w]e cannot try the case without one of the main issues coming in." The
court confirmed that plaintiff was not proceeding and stated that it was "directing a
verdict for defendant[s]" (see CPLR 4401). A judgment dismissing the complaint
was entered on November 29, 2019, from which plaintiff appeals. 
Insofar as plaintiff never moved for leave to serve an amended bill of particulars
after the note of issue was filed, the Civil Court properly precluded him, on the morning
of the trial, from presenting evidence regarding a new injury which would have required
defendants to reorient their defense strategy (see Barrera v City of New York,
265 AD2d 516 [1999]).
Pursuant to CPLR 4401, a motion for judgment as a matter of law may be granted
prior to the presentation of evidence if the plaintiff has made an admission that has
completely compromised his case (see Okunubi v City of New York, 109 AD3d
888 [2013]). Here, after a jury was selected but prior to the presentation of evidence,
plaintiff was asked to proceed to trial. Plaintiff's counsel, conceding that she could not
establish a prime facie case without the thoracic injury, declined to present any evidence.
Accordingly, contrary to plaintiff's argument, dismissal of the complaint pursuant to
CPLR 4401 was warranted.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2022