Miller v State of New York (2025 NY Slip Op 06572)

Miller v State of New York

2025 NY Slip Op 06572

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-0903
[*1]Ryan Miller, Appellant,
v
State of New York, Respondent.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Woodruff Lee Carroll PC, Syracuse (Woodruff Carroll of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Powers, J.
Appeal from an order of the Court of Claims (Anthony Brindisi, J.), entered April 16, 2024, which granted defendant's motion for summary judgment dismissing the claim.
In May 2021, claimant's minor child was found in the early morning hours outside the home of a friend miles away from where she resided with claimant. Upon speaking with that friend's sister, the child made certain disclosures of abuse by claimant precipitating a State Police investigation. During that investigation, the child continued to make consistent disclosures of abuse and, ultimately, claimant was arrested and charged with four misdemeanors. These charges included two counts of endangering the welfare of a child (see Penal Law § 260.10), criminal obstruction of breathing (see Penal Law § 121.11) and criminal contempt in the second degree (see Penal Law § 215.50). These charges were later dismissed and, as a result, claimant brought this claim alleging causes of action for false arrest, false imprisonment and malicious prosecution. Following joinder of issue, defendant moved for summary judgment dismissing the claim. The Court of Claims granted the motion, finding that probable cause to arrest claimant at the time precluded the claims. Claimant appeals.
As the movant, defendant "bore the burden of making a prima facie showing that [claimant] will be unable to establish at least one of the elements" of his claims for false arrest and malicious prosecution (Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1726 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]).[FN1] "[T]he elements of a cause of action for false arrest or imprisonment are (1) an intentional confinement (2) of which [the] plaintiff was conscious and (3) to which [the] plaintiff did not consent, and (4) that was not otherwise privileged" (Barkley v Lisbon Cent. Sch. Dist., 220 AD3d 1089, 1090 [3d Dept 2023] [internal quotation marks and citation omitted]). Nonetheless, "[t]he existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" (Shioya v Hanah Country Inn Mgt. Corp., 207 AD3d 916, 920 [3d Dept 2022] [internal quotation marks and citations omitted]). Additionally, "[t]o make out a claim for malicious prosecution, a claimant must establish: (1) the commencement or continuation of a criminal proceeding by the defendant against the claimant, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (Michaels v State of New York, 203 AD3d 1345, 1346 [3d Dept 2022] [internal quotation marks and citations omitted]). Consequently, as to both causes of action, "[t]he existence of probable cause constitutes a complete defense" (Fields v County of Nassau, 219 AD3d 882, 884 [2d Dept 2023] [internal quotation marks and citations omitted]).
In support of the motion for summary judgment dismissing the claim, defendant submitted, among other things, the [*2]incident report detailing the investigation underlying the charges against claimant. Therein, it states that the child's friend had observed certain abuse in the past, and the child's friend's sister informed responding law enforcement officers that the child had disclosed to her that claimant had kicked her that night. Upon law enforcement speaking with the child, she disclosed that claimant lifted her off the ground while choking her, threw her into a wall and punched her in the face — allegations which claimant denied when interviewed by law enforcement. During his interview, claimant notified law enforcement that the child had made allegations of abuse in the past which she then retracted when interviewed by child protective caseworkers, though claimant confirmed he was present during that interview. A forensic interview of the child was conducted the following day, which was both described in the incident report as well as recorded and provided as a separate exhibit. During that interview, the child made consistent disclosures and stated that she had retracted her prior disclosure because claimant was present during the interview, leaving her fearful to tell the truth. Defendant also provided the deposition testimony of the State Police investigator who attested that the child did not have any marks, scars or bruises but that he did not find this to mean that the child was not being abused, as physical evidence is not always present in instances of abuse. The investigator affirmed that all those involved, including personnel from her school, found the child to be credible, except for the caseworker involved who found the child incredible based upon the prior recantation. The investigator was clear that he was not informed prior to claimant's arrest that the child had any mental health diagnoses that made her prone to dishonesty, which was contradicted only by claimant's deposition testimony that the investigator was so informed.
Although there is a presumption that a warrantless arrest was unlawfully made (see Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied 423 US 929 [1975]; Lynn v State of New York, 33 AD3d 673, 674 [2d Dept 2006]), the foregoing proof demonstrates the absence of any material issues of fact as to whether claimant's arrest was supported by probable cause. "As the very name suggests, probable cause depends upon probabilities, not certainty" (People v Rodriguez, 168 AD2d 520, 521 [2d Dept 1990] [internal quotation marks and citations omitted], lv denied 78 NY2d 926 [1991]). Thus, "[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" (People v Bigelow, 66 NY2d 417, 423 [1985]; accord Nolasco v City of New York, 131 AD3d 683, 684 [2d Dept 2015]). The proof proffered by defendant establishes that law enforcement did not have any reason to doubt the child's [*3]veracity based upon the information available to them at the time of claimant's arrest. Other than the prior retracted disclosure of abuse — which the child had explained was the result of claimant's presence while she was being interviewed — those involved confirmed to law enforcement that the child was generally known to be truthful. Therefore, claimant's arrest was supported by probable cause since "an identified citizen provide[d] information accusing [claimant] of committing a specific crime" and there were no "circumstances that would materially impeach the proffered information" (People v Vanness, 106 AD3d 1262, 1264 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]; see CPL 70.10 [2]; Medina v City of New York, 102 AD3d 101, 104, 105 [1st Dept 2012]; People v Mendoza, 49 AD3d 559, 560 [2d Dept 2008], lv denied 10 NY3d 937 [2008]).
Consequently, defendant eliminated any material issues of fact as to whether law enforcement possessed probable cause to arrest claimant, shifting the burden to claimant to raise a triable issue of fact on his claims of false arrest and malicious prosecution (see Shioya v Hanah Country Inn Mgt. Corp., 207 AD3d at 921-922; Michaels v State of New York, 203 AD3d at 1346; compare Mitchell v City of New York, 241 AD3d 1165, 1165 [1st Dept 2025]; Thomas v Niagara Frontier Tr. Auth., 237 AD3d 1476, 1478 [4th Dept 2025]; Ballinger v City of Mount Vernon, 233 AD3d 736, 738 [2d Dept 2024]). Claimant failed to raise a triable issue of fact in opposition to defendant's motion. Relevant to the issue of probable cause and the child's associated veracity, claimant provided affidavits from, among others, himself and the child's treating mental health counselors. These affidavits claim that the child has certain mental health diagnoses which may cause her to lie. Nevertheless, these diagnoses came after the arrest in question and, therefore, law enforcement had no reason to know that the child could, at some point in the future, be so diagnosed. As a result, this proof does not "materially impeach the proffered information" and, therefore, fails to raise any triable issue of fact as to whether law enforcement had probable cause to arrest claimant at the time the arrest was made (People v Vanness, 106 AD3d at 1264; see Shioya v Hanah Country Inn Mgt. Corp., 207 AD3d at 922; see also Nolasco v City of New York, 131 AD3d at 685). Even crediting that the investigator may have referred to claimant utilizing demeaning language prior to the arrest and stated that he would presumably arrest claimant regardless of a directive to do so from his supervisor, this did not negate the established probable cause to execute the arrest.
As a result, the Court of Claims properly granted defendant's motion for summary judgment dismissing the false arrest and malicious prosecution claims (see Burns v City of New York, 181 AD3d 554, 556 [2d Dept 2020]; Dann v Auburn Police Dept., 138 AD3d 1468, 1470 [4th Dept 2016]; Medina v City of New York, 102 AD3d [*4]at 108; see also Dawoodi v City of New York, ___ AD3d ___, ___, 2025 NY Slip Op 05498 [2d Dept 2025]). Claimant's additional arguments that the Court of Claims erred in failing to direct disclosure of the child's medical records (see generally CPLR 3101 [a]; Cooke v Greenhouse Hudson, LLC, 230 AD3d 841, 845 [3d Dept 2024]) and improperly dismissed his state constitutional claims (see Martinez v City of Schenectady, 97 NY2d 78, 83 [2001]; Oppenheimer v State of New York, 152 AD3d 1006, 1008-1009 [3d Dept 2017]) have been reviewed and found to be lacking in merit.
Pritzker, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Causes of action for false arrest and false imprisonment are synonymous and, therefore, will be referred to collectively as false arrest (see Ballinger v City of Mount Vernon, 233 AD3d 736, 737 [2d Dept 2024]; Fischetti v City of New York, 199 AD3d 891, 892 [2d Dept 2021]).