Vizcaino v City of New York (2022 NY Slip Op 00293)





Vizcaino v City of New York


2022 NY Slip Op 00293


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 160989/13 Appeal No. 15089 Case No. 2020-02893 

[*1]Luis A. Vizcaino, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Kafko Schnitzer, LLP, Bronx (Neil R. Kafko of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 9, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the malicious prosecution claim, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff sued defendant asserting, among other things, a claim that for malicious prosecution in connection with being criminally arrested and charged with driving while impaired and intoxicated (Vehicle and Traffic Law § 1192 [1], [2], [3]). "The elements of a claim for malicious prosecution are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice" (Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]). Because there are disputed issues of fact on the elements of the absence of probable cause and actual malice, the motion should have been denied. 
Plaintiff's admission that he urinated in public, which led to his being issued a citation pursuant to Administrative Code of City of NY § 16-118(6) and (8), cannot serve as probable cause for his arrest for driving while impaired and intoxicated (Vehicle and Traffic Law § 1192[1], [2]). The latter charges stemmed from an entirely different set of facts, which occurred after the public urination took place (see generally Posr v Doherty, 944 F2d 91, 100 [2d Cir 1991]). Contrary to the arresting officer's version of the events, plaintiff denies he was attempting to start or otherwise operate his vehicle when the police officer approached him. Plaintiff testified that he was only reaching into the car to retrieve his phone from one of the compartments and that the car keys were laying on the passenger seat. An eyewitness corroborated plaintiff's account.
The existence or absence of probable cause is only to be decided by the court where there "is no real dispute as to the facts or the proper inferences to be drawn therefrom" (Fausto v City of New York, 17 AD3d 520, 521 [2d Dept 2005]). Here issues of fact exist whether plaintiff was attempting to start or otherwise operate his motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192[1-3], when he was approached by the police officer. These same disputed issues of fact preclude the court from finding, as a matter of law, that there was no malice. Although probable cause and malice are independent elements of a malicious prosecution claim, a finder of fact may (but is not required to)
infer malice from a lack of probable cause (Cardozo v New York, 139 AD3d 151 [1st Dept 2016]; 2A NY PJI3d 3:50 at 558). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022